MARTIN D. BERN (State Bar No. 153203)
martin.bern@mto.com
DAVID W. MORESHEAD (State Bar No. 305362)
david.moreshead@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

MALCOLM A. HEINICKE (State Bar No. 194174)
malcolm.heinicke@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:   (415) 512-4077

Attorneys for DEFENDANT WELLS
FARGO BANK, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN SOTOODEH,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.  3:22-cv-00950<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>(Removed from Superior Court of the State of California, County of San Francisco, Case No. CGC-21-594449) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant WELLS FARGO BANK, N.A.[1] has removed the above-captioned matter, which was commenced as Case Number CGC-21-594449 in the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441.  In support of its Notice of Removal, Wells Fargo Bank, N.A. states the following:

Service was effectuated on Wells Fargo Bank, N.A. on January 24, 2022, via Notice of Acknowledgement and Receipt.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).  *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354–55 (1999) (a defendant's deadline for removal under 28 U.S.C. 1446(b) does not begin to run until formal service is effectuated).

Removal to this Court is proper because this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  There is complete diversity among the named parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

**I.     THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

Plaintiff John Sotoodeh (hereinafter "Plaintiff") and Defendant Wells Fargo Bank, N.A. are citizens of different States.

(a) The Complaint alleges that Plaintiff was a resident of California, County of Los Angeles at all relevant times.  Compl. ¶ 1.  Plaintiff is currently a resident of, employed in, and domiciled in California, and is therefore a citizen of California.  *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods.*

---

[1] Plaintiff initially erroneously named Wells Fargo & Company as the defendant in this action, but Plaintiff later voluntarily amended the Complaint to remove Wells Fargo & Company as the defendant and replace that entity with the defendant that actually employed Plaintiff, *i.e.,* Wells Fargo Bank, N.A.  *See* Exhibit C; *see also* Cal. Civ. Proc. Code § 473(a)(1).

*Liab. Litig.*, MDL No. 2672 CRB (JSC), 2019 WL 670608, at *5 (N.D. Cal. Feb. 19, 2019).

(b) Plaintiff's allegation that Wells Fargo Bank, N.A. has its principal place of business in California, Compl. ¶ 7, is irrelevant for diversity purposes. As confirmed by precedent and judicially noticeable government documents, Wells Fargo Bank, N.A. is a nationally chartered bank with its main corporate office in South Dakota. Accordingly, under 28 U.S.C. § 1348, Wells Fargo Bank, N.A. is exclusively a citizen of South Dakota for diversity purposes. *See, e.g.*, *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014) (addressing the citizenship of Wells Fargo Bank, N.A. for diversity purposes and concluding that "Wells Fargo is a citizen only of South Dakota . . . ."); *Poorsina v. Wells Fargo Bank, N.A.*, No. 21-cv-05098-DMR, 2021 WL 4133866, at *5 (N.D. Cal. Sept. 10, 2021) (addressing the citizenship of Wells Fargo Bank, N.A. for diversity purposes and confirming that "the Ninth Circuit has concluded that Wells Fargo is a citizen of only South Dakota . . . ." (internal quotation marks omitted)); *Mosley v. Wells Fargo Bank NA*, No. 17-CV-05064-JSC, 2017 WL 5478628, at *3 (N.D. Cal. Nov. 15, 2017) (addressing the same issue and concluding that "Wells Fargo is a citizen of South Dakota, not California.").

(c) "Doe" defendants are disregarded for purposes of the diversity inquiry in the context of removal. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998); *see also* 28 U.S.C. § 1441(b) (for purposes of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded").

## II. THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM

The amount in controversy with respect to Plaintiff's claims exceeds $75,000 exclusive of interests and costs.[2]

    (a)    Plaintiff brings claims for retaliation in violation of California Labor Code section 1102.5, termination in violation of public policy, and breach of contract. Plaintiff specifically alleges in his Complaint that Wells Fargo Bank, N.A. has caused him "economic harm in excess of $975,000.00" and seeks "damages in the amount of $1,000,000.00 and continuing daily," arising from his breach of contract claim alone. *See* Compl. ¶ 94 & Prayer for Relief.

    (b)    Plaintiff further alleges that Wells Fargo Bank, N.A.'s purported retaliation and unlawful termination "deprived him" of, among other things, "millions of dollars in equity" awards to which he would have otherwise been entitled. Compl. ¶ 18.

    (c)    Plaintiff alleges that he has "suffered past and future special and general damages, including wage loss, benefit loss, and emotional distress," Compl. ¶¶ 75, 89, and demands general, special, and punitive damages in an amount according to proof. Compl., Prayer for Relief.

    (d)    Plaintiff also seeks to recover his attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (requests for attorneys' fees as provided by statute count toward the amount in controversy); *see also* Cal.

---

[2] By making this and the other allegations contained herein, Wells Fargo Bank, N.A. in no way concedes that the Plaintiff is entitled to any recovery; to the contrary, Wells Fargo Bank, N.A. does and will dispute Plaintiff's claims in their entirety. This allegation concerns only the amount in controversy. *See Lewis v. Verizon Commc'ns Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.").

Lab. Code § 1102.5(j) (authorizing attorneys' fees award for plaintiff who brings a successful claim pursuant to section 1102.5).

(e) When, as here, the "complaint filed in state court alleges on its face 'damages in excess of the required jurisdictional minimum,' the amount pled controls unless it appears 'to a legal certainty' that the claim is for less than the jurisdictional amount." *Carillo v. FCA USA, LLC*, __ F. Supp. 3d __, 2021 WL 2711138, at *2 (C.D. Cal. June 29, 2021) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402–04 (9th Cir. 1996)). In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that the plaintiff will obtain full recovery on all claims made in the complaint regardless of his actual ability to establish the claims or overcome any defenses. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

### III.   VENUE IS PROPER

Removal to this judicial district is proper under 28 U.S.C. § 1441(a) because the United States District Court for the Northern District of California embraces the County of San Francisco, where Plaintiff originally filed this action.

### IV.   ADDITIONAL DEFENDANTS

Wells Fargo Bank, N.A. is informed and believes that no other defendant other than the named defendant, Wells Fargo Bank, N.A., has been joined or served in this action as a current defendant at the time of removal. Wells Fargo Bank, N.A. is unaware of any Doe Defendant that has been served with the Complaint, and Plaintiff has filed no proof of service regarding any Doe Defendant as of the date of this filing. Accordingly, no Doe Defendant's consent is necessary for removal. 28 U.S.C. §§ 1441(b)(1), 1446(b)(2)(A).

## V. OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

The following constitute all of the process, pleadings, and other papers served on Wells Fargo in this action, true and correct copies of which are attached hereto and incorporated herein:

**Exhibit A**: Summons, Civil Case Cover Sheet, Complaint, and Notice to Plaintiff of Case Management Conference

**Exhibit B**: Amendment to Complaint re Incorrect Name

**Exhibit C**: Order Continuing Case Management Conference

**Exhibit D**: Notice and Acknowledgement of Receipt

**Exhibit E**: Wells Fargo Bank, N.A.'s Answer and General Denial

Wells Fargo Bank, N.A. reserves the right to submit additional evidence and argument as needed to supplement this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *W. Am. Corp. v. Vaughan-Bassett Furniture Co.*, 765 F.2d 932, 936 n.6 (9th Cir. 1985); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

Wells Fargo Bank, N.A. has complied with 28 U.S.C. §§ 1446(a) and (d). Under § 1446(a), true and correct copies of all process, pleadings, and orders served upon Wells Fargo Bank, N.A. or otherwise filed in State Court in this action are attached as Exhibits A through F to this Notice as identified above.

In compliance with 28 U.S.C. § 1446(d), a Notice of Filing of Removal, with a copy of this Notice of Removal and all of its exhibits attached, is being filed with the Clerk of the Superior Court of the State of California, County of San Francisco, Case No. CGC-21-594449. Wells Fargo Bank, N.A. will also serve a Notice of Filing of Removal, with a copy of this Notice of Removal and all of its exhibits attached on Plaintiff's counsel. A Certificate of Service of Notice to Adverse Party and State Court Removal to Federal Court will also be filed with this Court.

Wells Fargo Bank, N.A. is represented by the undersigned counsel who certify, under Rule 11 of the Federal Rules of Civil Procedure, that the foregoing is true and correct.

BASED ON THE FOREGOING, Wells Fargo Bank, N.A. hereby removes this action, now pending in the Superior Court of the State of California for the County of San Francisco, to the United States District Court for the Northern District of California.

DATED:  February 16, 2022             MUNGER, TOLLES & OLSON LLP


By:      /s/ *Malcolm A. Heinicke*
     MALCOLM A. HEINICKE
     Attorneys for DEFENDANT WELLS FARGO BANK, N.A.